FILED
U.S. DISTRICT COURT

2009 JUL 31 PM 1:39

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TIMOTHY L. WORTHEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 108-166 |
| ) | (Formerly CR 106-031) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Timothy L. Worthen, an inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government has filed its response. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

In a superceding indictment issued on April 12, 2006, a federal grand jury indicted Petitioner and his co-defendant Hubert Arits, Jr., ("Artis") on the following charges: (1) conspiracy to possess with intent to distribute and conspiracy to distribute over five (5) kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846, and (2) possession with intent to distribute over 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. §

841(a)(1). See United States v. Worthen, CR 106-31, doc. no. 52 (S.D. Ga. Apr. 12, 2006) (hereinafter "CR 106-31").

Attorney Joseph H. Huff was appointed to represent Petitioner, see CR 106-31, doc. no. 14, and the case proceeded to trial, where Petitioner and Artis were found guilty on both counts, with the jury specially finding that the conspiracy involved more than 5 kilograms of cocaine hydrochloride, id., doc. no. 125. On April 30, 2007, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to 240 months of incarceration. CR 106-31, doc. no. 140. Petitioner appealed his conviction to the Eleventh Circuit, raising the following claims of error: (1) the district court erred by permitting the government to introduce the substance of Petitioner's proffer statement at trial; (2) the prosecution failed to produce sufficient evident to establish that Petitioner participated in a conspiracy to possess cocaine with intent to distribute; (3) the prosecution failed to produce sufficient evidence to establish that Petitioner participated in a conspiracy to distribute more than five kilograms of cocaine; and (4) the "evidence at trial supports the charge given by the district court on the inference of guilt that could be drawn from Petitioner's 'flight.'" (Doc. no. 5, Ex. A); see also United States v. Worthen, 261 Fed. App'x 176 (11th Cir. 2008) (per curiam). Petitioner's trial counsel, Mr. Huff, also represented him on appeal. In an unpublished per curiam opinion, the Eleventh Circuit rejected Petitioner's arguments and affirmed his convictions. United States v. Worthen, 261 Fed. App'x 176, 182 (11th Cir. 2008) (per curiam).

Petitioner then timely filed the instant § 2255 motion, alleging that Mr. Huff was ineffective in the following respects: (1) for failing to object to the trial court's jury instructions,

2

arguing that the instructions were so broadly stated that it relieved the government of its standard of proof beyond a reasonable doubt[1]; (2) for failing to challenge a correction to a trial court transcript on appeal, and (3) for failing to challenge his convictions on two counts using the same drug quantity to support of his convictions for his conspiracy charge as well as his possession with intent to distribute charge. (See generally doc. no. 1). Respondent contends in its answer to Petitioner's § 2255 motion that these claims are either procedurally defaulted or without merit. (See doc. no. 5).

## II. DISCUSSION

### A. No Need for Evidentiary Hearing

The Court recognizes that in the Eleventh Circuit, the general rule is "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

---

[1] Specifically, Petitioner argued that the jury instruction regarding computation of the drug amount was incorrect because it allowed jurors to find Petitioner guilty based on an amount of cocaine less than that charged in the indictment. (Doc. no. 1).

3

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As described in detail below, the Court finds that because Petitioner's claims are affirmatively contradicted by the record, procedurally barred, or otherwise fail as a matter of law, no evidentiary hearing is necessary in this case.

**B.     Applicable Rules Explained**

In addressing Petitioner's ineffective assistance of counsel claims, the Court begins with the proposition that these claims are not procedurally barred because they were not raised on direct appeal. Indeed, ineffective assistance of counsel claims may be raised for the first time in collateral proceedings. Massaro v. United States, 538 U.S. 500, 509 (2003). Nevertheless, although the ineffective assistance of counsel claims are not barred, Petitioner faces another procedural hurdle in this case. Specifically, claims that are raised and rejected on direct appeal are generally precluded from reconsideration in a § 2255 motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981) (*per curiam*).

As the Seventh Circuit noted, "[W]e do not see how a federal prisoner--who must file his motion for relief under 2255 in the very court that convicted him--can be allowed to do so if all he is doing is rehashing a claim that had been rejected on the direct appeal." White v. United States, 371 F.3d 900, 902 (7th Cir. 2004). Nor will the Court reconsider a previously raised claim where it is merely a re-characterization of an issue raised on direct appeal.[2] Nyhuis, 211 F.3d at 1343. Thus, to obtain review in this § 2255 proceeding of a

---

[2] Stated another way, simply putting a new name on an old issue will not suffice.

4

previously raised claim, Petitioner must show an intervening change in law since his appeal was decided and that a "complete miscarriage of justice" would occur if the claim is not considered in these proceedings. Davis v. United States, 417 U.S. 333, 346-47 (1974).

This means that to the extent Petitioner bases his ineffective assistance of counsel claims on arguments the Eleventh Circuit has already determined to be without merit, this Court will not review, revisit, or otherwise disturb those determinations. This collateral proceeding is not a new trial.[3] A jury convicted Petitioner after a full exposition of evidence. Petitioner then had the opportunity to present his arguments concerning alleged errors in the trial court when he filed his appeal in the Eleventh Circuit Court of Appeals. While this Court recognizes that Petitioner did not present, and indeed was not required to present, his current ineffective assistance of counsel claims on appeal, to the extent the factual bases underlying his ineffective assistance claims were decided adversely to Petitioner on appeal, they will not be revisited here. With these principles in mind, the Court turns its attention to the standard for establishing ineffective assistance of counsel.

To establish ineffective assistance of counsel, Petitioner must meet a two-part test. Petitioner first must show that "counsel's representation fell below an objective standard of

---

[3]The Seventh Circuit explained the narrow parameters under which a conviction may be reviewed in collateral proceedings as follows: "28 U.S.C. § 2255 . . . limits relief to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation marks omitted); see also United States v. Rosch, Nos. 89 CR 592 and 94 C 3663, 1995 WL 680463, at * 5 (N.D. Ill. Nov. 13, 1995) ("[Defendant] argues essentially that the court erroneously relied upon . . . allegedly perjured testimony . . . in determining the restitution award. The Defendant is attempting to relitigate this issue which has already been previously decided. The recreation of the issues explored at the sentencing hearing and [Defendant's] request to reweigh this evidence is inappropriate on a § 2255 motion.").

reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

As to appellate counsel, the Court's analysis under Strickland is further guided by the principle that appellate counsel is not ineffective when he fails to raise a frivolous argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Stated another way, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984). Neither does the Sixth Amendment require appellate advocates to raise every non-frivolous issue. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome...." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable -- is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Because determining whether Petitioner suffered prejudice hinges upon the validity of the underlying claims, Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990) and Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988), the Court will review the merits of the claims which form the basis of Petitioner's ineffective assistance allegations.

## C. Application to the Instant Case

### 1. Alleged Failure to Object to Jury Instructions

Ground 1 of Petitioner's § 2255 motion claims that Mr. Huff was ineffective for failing to object to the trial court's jury instructions, arguing that the instructions were so broadly stated that it relieved the government of its standard of proof beyond a reasonable doubt. Specifically, Petitioner argues that the jury instruction regarding computation of the drug amount was incorrect because it allowed jurors to find Petitioner guilty based on an amount of cocaine less than that charged in the indictment. Petitioner contends that the trial court improperly instructed the jury when it stated:

> The Defendants are charged in the indictment with conspiracy to possess with intent to distribute a certain quantity or weight of a controlled substance – here, cocaine hydrochloride. Nevertheless, you may find any Defendant guilty of the offense if the quantity of the controlled substance for which he should be held responsible is less than the amount or weight charged.

CR 106-031, doc. no. 149, p. 16-17. During deliberations, the jury submitted a written question asking how five kilograms is determined in the count one, item two, over time. The trial court in an oral response stated:

> In determining the amount of controlled substances that are, if at all, attributable to the defendants during the course of the conspiracy we certainly look at the time frame covered by the allegations of the conspiracy here it is June 1, 2005 until January 12, 2006, but we can't just look at the time period. If a defendant has participated willfully in a conspiracy we need to look at the amount of controlled substances with which that defendant has involved himself. By his willful participation in the conspiracy during the course of the conspiracy you must look to [] determine the amount of controlled substances which is properly proven beyond a reasonable doubt as being attributable to that defendant occurring during the course of the conspiracy.
>
> You must determine whether or not the government has proven the amount alleged in the indictment or a lesser amount by your review of all the

8

evidence regardless of who may have produced it. Also, you may consider the testimony of all of the witnesses regardless of who may have called them. In short, you should consider not only the time period involved, but all of the testimony of all of the witnesses and all of the exhibits. You are looking for the amount of the controlled substance proven to be attributable to any defendant, if any at all, during the course of the conspiracy and during the time of that defendant's willful participation in the conspiracy, if you so find that any defendant has wilfully joined in the conspiracy.

Cr. 106–031, doc. no. 149, pp. 238-39.

Notably, the trial court repeatedly instructed the jury that it had to determine the amount of cocaine attributable to each defendant during the conspiracy. Contrary to Petitioner's assertion, the trial court's instruction did not permit the jury to consider drug amounts outside the conspiracy in this case. Additionally, the trial court instructed the jury to determine the amount of cocaine attributable to each defendant, but noted that a party to a continuing conspiracy may be responsible for an act committed by a coconspirator in furtherance of the conspiracy. Furthermore, while the trial court may have referenced a time period outside that alleged in the indictment, it properly informed the jury that it must determine the amount of drugs that was proven beyond a reasonable doubt as attributable to Petitioner during the course of the conspiracy.[4] As such, instructions that the jury could find Petitioner guilty based on an amount of cocaine less than that charged in the indictment was

---

[4]The Court also notes that the superceding indictment charges Petitioner with committing narcotics offenses "*on or about* June 1, 2005, and continuing until *on or about* January 12, 2006." CR 106-031, doc. no. 52, p. 1 (emphasis added). The Eleventh Circuit has noted in other circumstances that use of similar approximating language is not prejudicial and cures any possible variance between the dates alleged in the indictment and dates proven at trial. See United States v. Young, 39 F.3d 1561, 1567 (11th Cir. 1994); United States v. Champion, 813 F.2d 1154, 1158 (11th Cir. 1987).

9

correct.⁵ Because Petitioner cannot show that Mr. Huff erred in failing to object to this jury instruction or demonstrate the prejudice he has suffered as a result of this alleged error, this claim for ineffective assistance of counsel claim fails.

### 2. Alleged Failure to Challenge Correction to Transcript

Ground 2 of Petitioner's § 2255 motion argues that Mr. Huff erred in failing to challenge on appeal a correction made to the trial court transcript. The record demonstrates otherwise. On appeal, Petitioner raised this issue as part of his challenge to the sufficiency of the evidence when he argued that the original trial transcript reflected Agent Tutt's testimony that he (the agent) had sold Petitioner only four grams of cocaine hydrochloride, not four kilograms. Artis, 261 Fed. App'x at 180-81. However, a corrected trial transcript was filed prior to the Eleventh Circuit's decision, which demonstrated that Agent Tutt testified that he had in fact sold four kilograms of cocaine hydrochloride to Petitioner. This correction was noted in the appellate court's decision, which also noted that "it was obvious from the context" that Agent Tutt described selling four kilograms of cocaine to Petitioner. Id. at 181.

This record demonstrates that Mr. Huff did in fact raise the trial transcript issue on appeal as part of the challenge to the sufficiency of the evidence, even though the issue was decided adversely to Petitioner. Thus, it cannot be said that counsel was ineffective for failing to raise an issue on appeal when the issue was in fact raised. Even though Petitioner

---

⁵It is also noteworthy that the quantity of cocaine alleged in the indictment is not an essential element of the offense. United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2002); see also 21 U.S.C. §§ 841(a), 846 (an offense is committed if defendant possesses, distributes, or conspires to possess or distribute a controlled substance); 21 U.S.C. § 841(b) (quantity of controlled substance is relevant only to calculation of the penalty).

may disagree with the Eleventh Circuit's ruling on this issue, this Court will not disturb the appellate court's findings in these collateral proceedings. Accordingly, this claim for ineffective assistance of counsel also fails.

### 3. Alleged Failure to Challenge Conspiracy Conviction and Substantive Crime Conviction Based on Same Evidence

Finally, in Ground 3 of his § 2255 motion, Petitioner argues that Mr. Huff was ineffective for failing to challenge his convictions on two counts using the same drug quantity to support his convictions for the conspiracy charge as well as the possession with intent to distribute charge. In analyzing claims for ineffective assistance of appellate counsel, the Court is guided by the general principle that Petitioner does not have a right to have every possible argument raised on appeal. Indeed, it is up to appellate counsel to "'winnow out' weaker arguments," Jones v. Barnes, 463 U.S. 745, 751-52 (1983), and appellate counsel is not ineffective for failing to raise a frivolous argument on appeal, Winfield, 960 F.2d at 974.

Here, Petitioner argues that Mr. Huff should have raised the issue on appeal that Petitioner was convicted on two counts using the same drug quantity to support the conviction on both counts. (Doc. no. 1, p. 7). Petitioner's argument must fail. The Eleventh Circuit has held that evidence supporting the conviction on a possession count can likewise support the conviction on a conspiracy count because "the substantive offenses in those counts all formed part of the conspiracy." United States v. Wims, 245 F.3d 1269, 1270 (11th Cir. 2001). Thus, Petitioner has failed to carry his burden of demonstrating that any prejudice resulted to him as a result of this alleged error by Mr. Huff. As such, Petitioner's claims for ineffective assistance of counsel on this point must also fail.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 31st day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE